WILLIAM H. WOODHULL, SOLE TRUSTEE OF SCHOOL DISTRICT No. 9, TOWN OF WEBSTER, APPELLANT, v. JACOB BOHEN-BLOST, COLLECTOR OF SAID DISTRICT, RESPONDENT.*

*Collector of school taxes — bond given by — statute as to, mandatory — Trustees not entitled to receive money — actions against collector.*

A collector of school moneys has no power to execute a warrant for the collection of a tax until the bond directed to be given by section 83, chapter 555 of 1864, is executed.

Until the trustees limit the time within which the bond must be given, and determine its amount, the collector will not be in default.

The trustees are not entitled to receive the money from the collector, who is only obliged to pay it out on their order, and he is not in default until such an order is drawn and presented to him.

An action lies against the collector, in favor of the trustee, on his bond: 1st. When he fails to execute his warrant. 2d. If, by his laches, any tax is lost to the district, or he has neglected to pay over any balance in his hands to his successor.

THIS action was brought to recover of the defendant, alleged to be collector of school district No. 9, of the town of Webster, the amount of a tax assessed in said district for school purposes, and for the collection of which a tax list and warrant were delivered to the defendant as collector of the district, and which had never been returned by him.

The defendant was duly elected collector on the 14th of October, 1873, and was notified of his appointment on the fifteenth of that month. On the 12th of November, 1873, a tax list and warrant

* Decided at the January term, 1875.

were made out and delivered to him. Up to that time he had not executed a bond for the faithful performance of his duties, nor had he been required to execute one. Some days after the warrant was left with him, the trustee left a bond to be executed, but it was never done.

A warrant and tax list had been delivered to defendant for the collection of the same tax, a few days before the one above mentioned. The trustee, learning that it was defective, as not being assessed upon the last preceding assessment roll of the town, took it back and issued a second one. The defendant collected the tax on one person on the first list, but did nothing under the second. The trustee drew no orders on the defendant, and no money has been paid to the trustee, nor has the warrant been returned.

The County Court of Monroe, in which the action was brought, nonsuited the plaintiff and denied a motion for a new trial. The plaintiff appeals to this court.

*William E. Edmonds*, for the appellant.

*H. Sargent*, for the respondent.

MULLIN, P. J. :

The grounds upon which the defendant's counsel moved to nonsuit the plaintiff were :

1. That the County Court had not original jurisdiction of the action, as it was not alleged in the complaint that the plaintiff was a resident of the county of Monroe.

2. The collector had not given a bond, and was not therefore collector.

3. No order has been drawn on the collector for the money, and until that is done it cannot be known that he has not performed his duty.

4. The plaintiff had no power to withdraw the first warrant, without the consent of the State superintendent, which has not been obtained.

5. The warrant could not be delivered to the collector until after thirty-one days from the day on which the tax was voted. The warrant in this case was issued in twenty-nine days after.

6. If the defendant was liable, the action should have been on

his official bond; and as he had given none, no action could have been maintained.

The court held that it was only necessary to allege in the complaint that the defendant was a resident of the county.

As to the second, it was proved that, in the bond left with the defendant for execution, the sum of $150 was inserted.

By section 83 of the act relating to common schools, passed in 1864, it is provided that within such time, not less than ten days, as the trustee shall allow him for the purpose, the collector, before receiving the first warrant for the collection of the money, shall first execute a bond in such sum as the district meeting shall have fixed, or, if the meeting shall not have fixed a sum, then in such sum as the trustee shall fix.

It would seem to be a legitimate conclusion from the requirement of the statute, that, before receiving the first warrant for the collection of money, the collector is required to give a bond; that it was the intention of the legislature that the collector should have no power to execute a warrant for the collection of a tax until such bond is given.

Before a bond can be executed, the act contemplates that the trustee shall limit a time within which it must be executed, and fix the amount of its penalty. Until these things are done the collector is not in default, but the warrant shall not be given to him until he has given the necessary bond.

It seems to me that this provision of the statute is mandatory, and as no bond has ever been given, the collector has never had authority to collect the tax. Inserting the amount in the bond left with the defendant for execution, was such a designation of the amount of the penalty as satisfied the statute in that regard; but as no time has been limited for executing the bond, the collector might, for aught that appears, wait until the end of his term before giving his bond.

By section 88 the collector is required to keep in his own possession the moneys collected and received by him by virtue of any warrant, to be paid out by him upon the order of the trustee.

The trustees are not entitled to receive the money, and the collector is not in default for not paying, until the order is drawn and presented. No such order being drawn in this case, it is not estab-

lished that he has neglected or refused to pay over money collected by him. The remedies of a trustee against a collector are : First, an action on his bond, if he has not executed his warrant ; and, second, if, by his laches, any tax is lost to his district, or he neglects to pay over any balance in his hands to his successor, an action on his bond. And these seem to be the only actions that lie against the collector, and in favor of the trustees.

The first warrant could not be withdrawn and another substituted in its place, without the consent of the superintendent of public instruction. That not being obtained, the last warrant would not have protected the collector had he attempted to enforce it. (See § 87 of the act of 1864.)

I have now disposed of all the grounds of nonsuit that seem to require consideration, and my conclusion is that plaintiff was rightly nonsuited.

Judgment affirmed.